## SAMUEL S. DAUCHY vs. JOHN T. VAN ALSTYNE.

It is a general rule in pleading, that a plea *puis darein continuance*, when it is a plea to the action, is a waiver of the former pleading.

Where a joint suit is brought against the maker and endorser of a promissory note, and issue joined as to both Defendants, and the Defendants serve notice on the Plaintiff to bring the cause to trial (or hearing) under the rules, and at the same time serve a plea *puis darein continuance* of the discharge of one of the Defendants under an insolvent or bankrupt act; the other Defendant cannot move and obtain judgment as in case of non-suit for not bringing the cause to trial or hearing, pursuant to the notice.

The action does not in such a case become *severed*, under the statute, (Sess. Laws, 1836, § 2) until judgment of discontinuance is entered on the Defendant's plea *puis darein continuance.* Nor is it to be regarded as a putting off of the trial or hearing by one of the Defendants, within the meaning of that statute, there being no issue, as to one of the Defendants to put off.

*It seems* that it is *optional* with the Plaintiff, whether in the cases specified in the statute, he will proceed against some of the parties or not; if he proceeds as to a part, the suit *thereby* becomes severed, if not, the suit proceeds against all jointly.

The Plaintiff cannot be compelled to go to trial or hearing as to one Defendant, where there is no issue or severance, as to the other.

The Defendant was sued as the endorser of a note. Isaac Frink, the maker of the note, was joined with Van Alstyne as a Defendant, when the suit was commenced. The cause being at issue as to both Defendants, was referred on the 29th of June, 1847. The attorney for both Defendants, served on the Plaintiff's attorney a notice requiring him to bring the cause to a hearing before the referee within forty days. And at the same time served as attorney for Frink, a plea *puis darein continuance*, of his discharge under the two-third act, upon which plea, judgment of continuance was afterwards entered. Van Alstyne moved for judgment as in case of non-suit for not bringing the cause to a hearing pursuant to notice.

L. I. LANSING, *for Deft.*

G. STOW, *for Plff.*

HARRIS, Justice.—Frink, by pleading his insolvent's discharge, *puis darein continuance*, abandoned his former plea, and assumed a new ground of defence. It is a general rule in pleading, that a plea *puis darein continuance*, when it is a plea to the action, is a waiver of the former pleading. This cause then, was not in readiness for hearing before the referee as to both Defendants, when the Defendants served their notice requiring the Plaintiff to bring it to a hearing. But this being an action against the maker and endorser of a promissory note, sued jointly, the counsel for the Defendant relies upon the statute under which the suit is

brought to sustain the regularity of his practice. That statute provides that " *if the trial or hearing of a cause be put off by any of the parties to a bill or note,* or if a default shall have been obtained against part of the Defendants, the Plaintiffs may proceed to a trial or hearing against the other parties in the same manner as if the suit had been commenced against the other parties only, and the action shall thereby be severed." (Session Laws, 1836, § 2.) Two questions arise in the application of this statute to this case, both of which must be determined in favor of the Defendant before his proceedings can be sustained. Is the service of a plea *puis darein continuance,* whereby the former plea of the party is waived, such a *putting off of a trial of the hearing* as the statute contemplates? Suppose no issue had ever been joined on the part of the Defendant Frink, could he be said to have put off the trial or hearing. The very terms " trial or hearing" imply an *issue joined.* And the putting off of the trial or hearing, refers to some action by a party to such issue, whereby the trial or hearing of the issue is delayed. But in this case, when the Defendant Frink served his plea *puis darein continuance,* the former plea was abandoned, and there was no longer an issue, the trial or hearing of which could be put off. And the Plaintiff could not under the provisions of the statute sever his action so as to proceed against the other Defendant alone. The trial or hearing of the issue had not been put off by any of the parties, nor had the Plaintiff obtained a default against either of the Defendants. The hearing can no more besaid to have been "put off" by the Defendant Frink, than it could have been, if the orders enlarging the time to plead, or by a course of special pleading he had prevented an issue from being joined as against himself, until the time when he served his plea *puis darein continuance.* The cause stood as though it never had been at issue as against Frink.

But suppose the service of the plea, *puis darein continuance,* is to be regarded as *putting off the hearing,* within the meaning of the statute, was it such a *severance* of the suit as obliged the Plaintiff at the peril of a motion for judgment as in case of non-suit, to proceed with the hearing against the other Defendant. The statute provides, that if the hearing be put off by any party, the Plaintiff *may* proceed to a hearing against the other parties, *thereby the action shall be severed.* It seems to me, that it was intended to leave it optional with the Plaintiff, whether, in the cases specified in the statute, he would proceed against some of the parties or not; that if he elected to proceed against some of the parties, the suit thereby became severed, and if he did not so elect, the suit should proceed against all the Defendants, and be governed by the rules and practice

applicable to other cases where Defendants are sued jointly. In any view I can take of this question, it seems to me, that the Defendant Van Alstyne was not in a situation to compel the Plaintiff to proceed with the hearing as against him, until the judgment of discontinuance in favor of Frink was entered, the effect of which was, to make Van Alstyne the sole party to the record.

The motion must therefore be denied, with costs.